Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI160007059
Transaction ID: 0004141380
Filing Date: 08/18/2016 04:55:03 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| CHRISTINE A. DANIELS, | ) | Case No. CI 16- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| MESILLA VALLEY TRANSPORTATION and JOSE M. ALCALA | ) ) ) ) | |
| Defendants. | ) | |

## ALLEGATIONS COMMON TO ALL COUNTS

COMES NOW the Plaintiff and for her cause of action against the Defendants alleges and states as follows:

1. Plaintiff is a resident of Mount Pleasant, Racine County, Wisconsin.

2. Defendant Mesilla Valley Transportation is a corporation organized and existing under the laws of the State of Texas with its principal place of business in El Paso, El Paso County, Texas and at all times heretofore mentioned, was qualified and was doing business in the State of Nebraska, including Douglas County, Nebraska.

3. Defendant Jose M. Alcala is a resident of El Paso, El Paso County, Texas.

4. At all material times, the subject tractor-trailer was owned by or leased to Defendant Mesilla Valley Transportation.

5. At all material times, Defendant Mesilla Valley Transportation had the right to exclusive possession, control and use of the subject tractor-trailer.

6. At all times material hereto, the subject tractor-trailer was a "commercial motor vehicle" under 49 C.F.R. §390.5.

EXHIBIT A

7. At all times material hereto, Defendant Mesilla Valley Transportation had complete control over who it would allow to operate the subject tractor-trailer.

8. At all times material hereto, Defendant Alcala operated the subject tractor-trailer with the knowledge, consent and permission of Defendant Mesilla Valley Transportation.

9. At all times material hereto, the subject tractor-trailer was operated under the motor carrier authority of Defendant Mesilla Valley Transportation.

10. At all times material hereto, while Defendant Alcala was driving the subject tractor-trailer, Defendant Mesilla Valley Transportation had the authority, right and duty to control how Defendant Alcala performed the driving of the subject tractor-trailer.

11. Defendant Mesilla Valley Transportation is and at all times material hereto was a "motor carrier" and an "employer" of drivers of "commercial vehicles" as those terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and confided with 49 C.F.R. Parts 283 et seq.

12. That on or about April 13, 2014, Defendant Jose M. Alcala was traveling west on I-80 in the passing lane near mile marker 346, in York County, Nebraska, when he lost control and jackknifed to the right and caused Plaintiff to attempt immediate evasive action to avoid crashing into Defendant's tractor and trailer.

13. As a direct and proximate result of the crash, Plaintiff Christine A. Daniels, sustained serious physical injuries.

## COUNT I
### Negligence of Defendants Jose M. Alcala and Mesilla Valley Transportation

Plaintiff hereby adopts by reference the statements contained within Paragraphs 1 through 13 above, as though fully set forth herein again.

14. Plaintiff alleges a cause of action against Defendants Jose M. Alcala and Mesilla Valley Transportation, and each of them, for personal injuries.

15. That Defendant Mesilla Valley Transportation was negligent in one or more of the following particulars, to-wit:

   a) In hiring Defendant Jose M. Alcala and entrusting him with a tractor-trailer;

   b) In entrusting its tractor-trailer to an individual who it knew, or should have known, had inadequate experience, training, knowledge, and skill to safely operate a tractor-trailer;

   c) In entrusting its tractor-trailer to an individual who it knew, or should have known, Defendant Jose M. Alcala had exhibited a pattern of negligence, incompetence, and recklessness in the operation of commercial motor carriers;

   d) In failing to adequately train, instruct, and supervise Defendant Jose M. Alcala concerning the safe operation of a tractor-trailer;

   e) In retaining Defendant Jose M. Alcala and allowing him to operate its tractor-trailer on the day of the collision when it knew, or should have known, that Defendant Jose M. Alcala lacked the experience, training, knowledge, and skill to safely operate a tractor-trailer;

   f) In choosing to allow Defendant Jose M. Alcala to operate its tractor-trailer when Defendant Mesilla Valley Transportation knew, or had reason to know, that Defendant Jose M. Alcala was prone to panic, freeze up, fall asleep or overreact when driving; and

   g) In choosing to allow Defendant Jose M. Alcala to operate its tractor-trailer when Defendant Mesilla Valley Transportation knew, or had reason to know, that Defendant Jose M. Alcala did not have the experience or training (or both) to operate a tractor-trailer safely.

16. That one or more of these acts of negligence, as heretofore set forth in paragraph 8 above, caused this accident, injuries and damages to Plaintiff. That any and all allegations of negligence asserted against the agents, representatives and employees of Defendant Mesilla Valley Transportation are imputed to Defendant Mesilla Valley Transportation under the *Doctrine of Respondeat Superior*.

17. Based on Defendant Jose M. Alcala's driving history and inadequate experience, training, knowledge and skill, Defendant Mesilla Valley Transportation knew, or had information from which it knew, or should have known, that Defendant Jose M. Alcala's operation of a tractor-trailer created a high degree of probability of injury to other persons traveling in motor vehicles on public roadways.

18. That Defendant Jose M. Alcala was negligent in one or more of the following particulars, to-wit:

   a) In choosing to not exercise ordinary care under the circumstances;

   b) In choosing to not maintain control of the tractor-trailer;

   c) In choosing to not keep a proper lookout;

   d) In choosing to operate the tractor-trailer at a speed that was greater than was reasonable and proper under the existing conditions and circumstances;

   e) In choosing to operate the tractor-trailer in a reckless matter; and

   f) In choosing to not comply with the Federal Motor Carrier Safety Regulations for the operation of the tractor-trailer.

19. That one or more of these acts of negligence, as heretofore set forth in paragraphs 15 thru 18 above, was a cause of this accident, injuries and damages to Plaintiff. That any and all allegations of negligence asserted against the agents, representatives and employees of Defendant Mesilla Valley Transportation are imputed to Defendant Mesilla Valley Transportation under the *Doctrine of Respondeat Superior*.

20. That Defendants Mesilla Valley Transportation and Jose M. Alcala, and each of them, were negligent per se in violating certain Nebraska statutes and Federal Motor Carrier Safety regulations which were in full force and effect at the time of this accident and were

4

enacted for the benefit of Plaintiff Christine A. Daniels, including but not limited to the following:

    a)     49 C.F.R. §392.3, which provides that no driver shall operate a motor vehicle and a motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any cause, as to make it unsafe for him to begin or continue to operate the motor vehicle;

    b)     49 C.F.R. Part 390 pertaining to the safe operation by a motor carrier, the training, supervision and duties of motor carriers and their employees, and to aiding and abetting violation of the rules of regulations;

    c)     49 C.F.R. §390.3(e)(1) which required Defendant Mesilla Valley Transportation to be knowledgeable of, and comply with, all regulations applicable to it and required it to instruct every driver and employee with regard to all applicable regulations;

    d)     49 C.F.R. § 392.14 requiring extreme caution and reduced speed when hazardous conditions exist; and

    e)     49 C.F.R. §391.11 prohibiting a person from driving a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle.

21.     That as a direct and proximate result of the negligence of Defendants Mesilla Valley Transportation and Jose M. Alcala, and each of them, as heretofore set forth above, directly caused and/or directly contributed to cause Plaintiff, Christine A. Daniels, to sustain serious and permanent injuries, including but not limited to her neck, left knee with Chondromalacia Patella of the Medical Compartment, loss of enjoyment of life, humiliation, aggravation and inconvenience. That these injuries are all permanent in nature. That she has suffered, now suffers, and will in the future continue to suffer great and excruciating permanent physical pain and mental anguish. The Plaintiff has incurred fair and reasonable medical expenses because of these injuries, and will incur same in the future. That Plaintiff has lost income and wages and will lose income in the future because of these injuries. That due to these injuries, Plaintiff's earning capacity has been permanently diminished and impaired.

5

WHEREFORE, Plaintiff, Christine A. Daniels, prays for judgment against Defendants Mesilla Valley Transportation and Jose M. Alcala, and each of them, for special and general damages together with his costs herein expended, for both actual and punitive damage together with prejudgment interest, costs, and for such other and further relief as the court deems just and proper.

Dated this 18th day of August, 2016.

CHRISTINE A. DANIELS, Plaintiff.

By: _____
Christopher P. Welsh, #22279
WELSH & WELSH, PC, LLO
9290 West Dodge Road
204 The Mark
Omaha, NE 68114
(402) 384-8160
(402) 384-8211 (fax)
cwelsh@welsh-law.com
            and

Steven C. Gabert
ACTION LAW OFFICES
933 North Mayfair Road, Suite 200
Milwaukee, WI 53226
(414) 456-1111
(414) 456-1644 (fax)
scgabert@actionlawoffices.com

ATTORNEYS FOR PLAINTIFF